# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

WILLIAM LEE WALLACE                                                                                          CIVIL ACTION

VERSUS

JEFF LANDRY ET AL.                                                       NO.: 17-01790-BAJ-RLB

## RULING AND ORDER

### I. INTRODUCTION

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 18)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses Petitioner's **Petition for Writ of Habeas Corpus (Doc. 1)**. Petitioner challenges his conviction for second-degree murder in the Nineteenth Judicial District Court. (Doc. 18 at p. 2). The Magistrate Judge recommends that the Petition be denied. (*Id.* at p. 13).

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 19 at p. 1). Petitioner filed objections into the record. (Doc. 19).

For the reasons stated herein, the Magistrate Judge's **Report and Recommendation (Doc. 18)** is ADOPTED as the Court's opinion herein. Accordingly, the **Petition for Writ of Habeas Corpus (Doc. 1) is DENIED.**

1

## II. OBJECTIONS

### A. Failure to Call Expert Witness

Petitioner contends that the Magistrate Judge erred in concluding that his trial counsel did not provide ineffective assistance when he failed to hire an independent medical and/or forensic expert to rebut the testimony of the state's medical expert. (Doc. 19 at p. 2). Petitioner asserts that an expert would have shown at trial that Petitioner did not possess a specific intent to kill, which is an element of second-degree murder under Louisiana law. (*Id.*)

This argument fails. To obtain habeas relief for ineffective assistance of counsel, a petitioner must demonstrate (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court agrees with the Magistrate Judge's conclusion that Petitioner has not proven prejudice.

The facts in Petitioner's case, as summarized in the Louisiana First Circuit Court of Appeal, were as follows: Petitioner stabbed Robert Jenkins in the back, while Jenkins attempted to jumpstart his car on the side of U.S. Hwy. 61. (Doc. 18 at p. 3). Jenkins then turned around, at which point Petitioner stabbed Jenkins again. Jenkins began to flee and Petitioner chased him. (*Id.*) Eventually Petitioner abandoned the chase. (*Id.*) Jenkins died from his injuries. (*Id.*). The Court agrees with the Magistrate Judge, and cannot conclude that a medical or forensic expert would have led the jury to conclude that Petitioner did not have a specific intent to kill.

## B. Failure to Object to Other Crimes Evidence

Petitioner contends that the Magistrate Judge erred in concluding that trial counsel did not provide ineffective assistance when he failed to object to other crimes evidence. (Doc. 19 at p. 3). Petitioner does not raise any arguments in support of this objection. After a thorough review of the law and facts regarding this claim, the Court finds no error in the Magistrate Judge's conclusion, so it will not be modified.

## C. Insufficiency of the Evidence

Petitioner contends that the Magistrate Judge erred in concluding that Petitioner should not be granted habeas relief on the basis of the insufficiency of the evidence at trial. (Doc. 19 at p. 4). Petitioner again does not raise any arguments in support of this objection. After a thorough review of the law and facts regarding this claim, the Court finds no error in the Magistrate Judge's conclusion, so it will not be modified.

## D. Defendant's Access to the State Court Trial Record

Petitioner contends that the Magistrate Judge erred in concluding that he is not entitled to habeas relief for his inability to access the state court trial record to prepare a *pro se* appellate brief or an application for post-conviction relief. (Doc. 19 at p. 4).

First, the Court agrees with the Magistrate Judge's conclusion that Petitioner did not have a constitutional right to "hybrid representation." Because Petitioner was represented by counsel on appeal, Petitioner did not have a constitutional right to file his own appellate brief. It was therefore irrelevant that Petitioner did not receive a

copy of the state court record for purposes of appeal. Petitioner argues that the legal principle that a criminal defendant is not entitled to hybrid representation is only applicable at trial. The Court finds no basis for this assertion. To the contrary, the United States Court of Appeals for the Fifth Circuit has held that there is no right to hybrid representation on appeal. *U.S. Stenbrecher*, 112 Fed. Appx. 987, 988 (5th Cir. 2004).

The Court further agrees with the Magistrate Judge's conclusion that Petitioner did not have a constitutional right to a free copy of his state court trial record while he sought post-conviction collateral relief. Petitioner asserts that the case cited by the Magistrate Judge in support of his conclusion, *Smith v. Beto*, only held that a petitioner does not have a constitutional right to a free copy of a state criminal trial record where he was provided with a free trial transcript for his original appeal. (Doc. 19 at pp. 6-8). 472 F.2d 164 (5th Cir. 1973). However, Petitioner overlooks that the Court also held that a petitioner must demonstrate a need for a free copy of the trial transcript. *Id.* Petitioner has failed to make such a showing.

### III. CONCLUSION

Having carefully considered the underlying Petition and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 18)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Petitioner's application for habeas corpus relief is denied and that this proceeding is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that in the event Petitioner pursues an appeal in this case, a certificate of appealability is denied.

Baton Rouge, Louisiana, this 16th day of August, 2019.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA